PHLLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TANNER JOEL HERNANDEZ-FIELDS,<br><br>　　　　　　　Defendant. | CASE NO.  1:20-CR-00221 ADA<br><br>GOVERNMENT SENTENCING MEMORANDUM<br><br>DATE: September 26, 2022<br>TIME: 8:30 a.m.<br>COURT: Hon. Ana de Alba |

I.　　INTRODUCTION

The defendant pleaded guilty, on November 15, 2021, to one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).  As part of the plea agreement, the government agreed to dismiss the first count related to possession of child pornography.  The court has scheduled a sentencing hearing for September 26, 2022.

The United States Probation Office submitted a presentence investigation report (PSR), dated February 2, 2022, that outlined the offense conduct, parts of the defendant's personal history, and the ranges for sentencing under the U.S. Sentencing Commission's Sentencing Guidelines.  The report recommended a total term of imprisonment of 111 months and a 180-month term of supervised release.  It also recommends that no fine be imposed but that the defendant be ordered to pay a mandatory $100 special assessment.   Although the report did not recommend a restitution amount, it noted that

GOVERNMENT SENTENCING MEMORANDUM　　　　1

1  restitution to victims must be paid, and the parties agreed that the defendant will pay any victim(s) full
2  restitution for the amount of their losses.
3      The probation office submitted a revised presentence report dated September 6, 2022, which
4  relies upon the same offense conduct and sentencing factors but recommends a significantly lower term
5  of imprisonment of 66 months.  Docket Item 53.
6      The government recommends a term of imprisonment of 97 months followed by a lifetime term
7  of supervised release with all of the standard and special conditions of supervision identified in the
8  presentence report.  The court should also impose the $100 special assessment, but not the $5,000
9  special assessment under the Justice for Victims of Trafficking Act, since Congress has allowed that
10 statute to lapse.  The government has not received any request for restitution, so the court need not order
11 restitution.  The court should also enter a final order for forfeiture of any items used to commit the
12 offense to which he has pleaded guilty.

13  **II.  CONGRESSIONAL CONCERN ABOUT THOSE WHO SEXUALLY EXPLOIT
14  CHILDREN REMAINS STRONG AND JUSTIFIES THE SENTENCE RECOMMENDED BY THE GOVERNMENT.**

15     Numerous statutory and Sentencing Guidelines amendments have strengthened the penalties for
16 federal offenses related to the sexual exploitation of minors, and they support a sentence of
17 imprisonment of 97 months followed by a lifetime term of supervised release.  The defendant is in the
18 general population of sexual offenders who have been deemed worthy of significant federal
19 punishments.  In examining his particular offense conduct and his history and personal characteristics,
20 he falls on the end of the spectrum among the most serious and dangerous offenders.  Accordingly, he
21 deserves appropriately severe punishment.
22     The continued focus on people who use the internet to sexually exploit children, such as the
23 defendant, demonstrates that Congress has made this area a legislative priority, and it has attempted to
24 ensure effective prosecution and punishment of offenders.  Legislative activity in this area is consistent
25 with a Congressional attempt to "restore the government's ability to prosecute child pornography
26 offenses successfully," by "ensuring that the criminal prohibitions against child pornography remain
27 enforceable and effective," *United States v. MacEwan*, 445 F.3d 249 n.12 (3rd Cir. 2006).  This need is
28 even more critical as technology and offenders become more sophisticated and the number of potential

victims becomes larger while their ages becomes lower.  Indeed, this case demonstrates how relatively easy it has become for people like the defendant to collect, view, and share sexually explicit images of minors.  The defendant was able to repeatedly obtain devices that enabled him to access the internet, obtain images of children being sexually abused, and store them on the devices and in various online platforms.  By doing this, he was able to keep secret from his family members his deviant interests and activities.

Imposing a prison term within the Sentencing Guidelines range, while taking account of the defendant's personal history and characteristics, would be consistent with Congressional and judicial recognition of the harms inflicted upon victims of child exploitation offenses.  By increasing the punishment based on the facts of an offender's particular conduct, courts can tailor sentences for defendants based upon the nature and circumstances of the offenses they have committed.  Importantly, the Ninth Circuit has reiterated that the primary victims Congress sought to protect by enacting 18 U.S.C. § 2252 (which relates to trafficking in and possession of child pornography rather than its production) were "the children involved in the production of pornography." *United States v. Blinkinsop*, 606 F.3d. 1110 (9th Cir. 2010), citing *United States v. Boos*, 127 F.3d 1207, 1211 (9th Cir. 1997).  This is so, because images depicting minors engaged in sexually explicit conduct are "intrinsically related to the sexual abuse of children" "because this documentation is" "a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Boos*, at 1211.  Here, law enforcement has more than once intervened to disrupt the defendant's victimization of minors, but to date, this has failed to deter the defendant from pursuing his sexual interest in children.

### III.    RELEVANT SENTENCING FACTORS SUPPORT THE SENTENCE RECOMMENDED BY PROBATION AND THE GOVERNMENT

The considerations at 18 U.S.C. § 3553(a)(1) through (6) justify a sentence that includes a term of 97 months imprisonment followed by a lifetime term of supervised release.

### A.  3553(a)(1) – The nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant has demonstrated for many years his sexual interest in minors by obtaining and viewing images of children being sexually abused.  The nature of this material is extremely disturbing

GOVERNMENT SENTENCING MEMORANDUM                 3

and justifies all of the specific offense characteristics to which the defendant agreed including images of prepubescent minors as young as toddlers as well as images of minors with objects being inserted into them or other sadistic or masochistic conduct.

The defendant's offense conduct reveals that he is an extreme risk to minors given that he has demonstrated his sexual interest in minors even after having been arrested by law enforcement and having been subjected to the criminal justice system as a juvenile. His own sentencing submission acknowledges that his mental state and conduct are consistent with several disorders including pedophilic disorder. The government notes the discrepancy between what the defendant apparently told the probation officer who prepared the presentence report (that he does not have a sexual interest in children) and what the defendant has previously stated to law enforcement and the psychologist who prepared a report for his defense (that he does have a sexual interest in children and was comforted by viewing child pornography). There is a general consensus within the diagnostic and treatment communities that persons with pedophilic disorder will always have a deviant sexual interest in children, and even a prison term of 97 months with sex offender treatment that continues with years of supervision would not eliminate the defendant's sexual interest in children or the risks that he presents to them. A lifetime term of supervised release is warranted so that he participates in sex offender treatment, is obligated to register as a sex offender, and also participates in any other treatment that his supervising probation officer might recommend as beneficial. His access to minors, computers, and the internet also should be restricted and subject to the supervision of a probation officer.

**B. 3553(a)(2) – The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with necessary educational training, medical care, or other correctional treatment.**

The majority of these sentencing factors weigh in favor of a sentence that includes a term of 97 months imprisonment followed by a lifetime term of supervised release. The defendant would benefit from participating in a lengthy program of sex offender counseling and treatment, and this would best be done within the confines of a Bureau of Prisons (BOP) facility. Each BOP institution has counseling resources available, and each region also has at least one designated sex offender management and treatment program. There is also at least one residential treatment program available for inmates who

GOVERNMENT SENTENCING MEMORANDUM    4

are concluding their custodial sentences.  Imposing the prison term recommended by the government would provide the defendant with just punishment, afford adequate deterrence to him and others, protect the public from his long-standing demonstrated sexual interest in children, and provide the defendant with necessary educational training, medical care, or other correctional treatment.  The Bureau of Prisons is required to keep all inmates safe, and special safeguards are implemented to care for all sex offenders.

### C. 3553(a)(3) and (4) – The kind of sentences available and the sentencing ranges established.

These factors also weigh in favor of the government's recommended sentence, because the ranges for sentencing include a mandatory minimum prison term of five years with a maximum term of twenty years.  Probation is expressly precluded by statute under 18 U.S.C. § 3561(a)(2), and the U.S.S.G. range as calculated by the probation office is 78-97 months.  The term of imprisonment recommended by the government is within the statutory range for punishment and within the U.S.S.G. range as calculated most recently by the probation office.

### D. 3553(a)(5) – Any pertinent policy statements by the Sentencing Commission.

Although many defendants and some courts have criticized the punishments for federal child sexual exploitation offenses, Congress has not relented in legislating in this area.  Relatively recently, Congress enacted the Justice for Victims of Trafficking Act of 2015, Pub. L 144-22, May 29, 2015.  Notably, too, although the Sentencing Commission made some adjustments to provisions of U.S.S.G. § 2G2.2 effective November 1, 2016, most of the provisions were not changed.  And although they are only advisory, the Guidelines, at 5K2.0 Application Note 4, indicate that downward departures in "child crimes and sexual offenses," including the offenses for which the defendant will be sentenced, are strongly discouraged.  This only underscores that Congress and the Sentencing Commission generally believe that the range for sentencing in a case such as before the court is not unduly harsh.  So these factors weigh in favor of a sentence within the Guidelines ranges.   There are a significant number of courts that have followed the same provisions and imposed sentences within relevant ranges.

In addition, the defendant cannot point to any evidence demonstrating that his difficult upbringing or history of depression caused him to commit the offense for which he faces sentencing or any prior criminal offense. Indeed, fortunately there is no indication that the defendant's twin brother – apparently raised in the same circumstances as the defendant – has demonstrated a sexual interest in children or committed any crimes similar to those committed by the defendant. The government notes that the report dated April 18, 2022 (but first provided to the government approximately five months later, on September 16, 2022), suggests that the defendant suffered a traumatic brain injury at age three, but there is no corroboration with medical records for this. Nor is there any supporting medical opinion that this defendant's alleged traumatic brain injury caused him to become depressed and/or develop a sexual interest in children. That same report, however, demonstrates that to date any medical, psychological, and legal interventions directed at attempting to control the defendant's deviant interests in children have not been successful.

**E. The need to avoid unwarranted sentencing disparities.**

Many defendants sentenced in the Fresno division of the Eastern District of California have received sentences within, or close to, the relevant Sentencing Guidelines range for some of the conduct similar to that engaged in by this defendant. The defendant's conduct in this case is more egregious than in these other cases. For example, in *United States v. Lynn*, 636 F.3d 1127 (9th Cir. 2011), the court in Fresno imposed a sentence of 210 months imprisonment and a lifetime term of supervised release for a defendant convicted for receipt and distribution of child pornography. The Ninth Circuit did not find that a sentence of 210 months imprisonment and lifetime supervised release was substantively unreasonable. Although Lynn chose to go to trial, his offense conduct was limited to receipt and distribution of preexisting images of child pornography. Unlike this defendant, Lynn did not take his criminal conduct beyond his keyboard by sexually assaulting another minor, and Lynn's sentence was for his first offense and prosecution.

Other cases from the Fresno division of the Eastern District of California are also instructive. In *United States v. Maier,* 646 F.3d 1148 (9th Cir. 2011), the Ninth Circuit upheld as procedurally and substantively reasonable a defendant's sentence of 210 months imprisonment followed by a lifetime

term of supervised release for a conviction for receipt and distribution of child pornography.  Maier had shared images of child pornography with several other offenders, and when law enforcement arrested him, he agreed to provide investigators with account information that enabled investigators to identify approximately 74 other people connected to his activities over a period of approximately five months. He pleaded guilty without a plea agreement, and the district court calculated the range for sentencing as 210-240 months (because of the statutory maximum; otherwise the range would have been up to 262 months).  Maier's total offense level was 37, and he was in criminal history category I.  He had no prior criminal history, he was approximately age 26 when he was sentenced, and he had served in the United States Navy.  He admitted that he had been viewing child pornography for approximately ten years, and even though he felt bad about this activity, he had been unable to stop his illicit conduct.  The district court's sentence, including a prison term of 210 months and a lifetime term of supervised release, was found procedurally and substantively reasonable.

The Ninth Circuit noted that the district court had considered, among others, the following factors: the number of images involved in the offense conduct; the number of victims depicted; and the number of individuals with whom Maier had shared images.  The court noted the defendant's "need for treatment," and the need "to protect the public from further crimes of the defendant," and "to provide the defendant with needed . . . correctional treatment in the most effective manner."  Even though the court noted that the defendant had no prior criminal record (unlike this defendant) and he was "very young" and a "productive member" of society, these mitigating factors are shared by many child pornography defendants.  In concluding that the sentence was reasonable, the Ninth Circuit noted the district's court recitation of the following factors: the large number of images involved; the fact that some of the images were sadistic and violent beyond the violence of sexual abuse itself; the fact that many of the images depicted young children or infants, including one of a newborn baby with part of its umbilical cord still attached; and Congressional policy statements that receipt or distribution of child pornography is an extremely serious offense that merits severe punishment.  *Id*. at 1156.  In reaching its decision, the Ninth Circuit specifically found that Maier's sentencing enhancements did not overstate the seriousness of his offense.  *Id.* at 1157.

The court can look to other examples of sentencings from other cases. For instance, in *United States v. Eliot Brown*, 1:17-cr-00170-LJO-SKO, the defendant was sentenced for his conviction for one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2). The USSG range was 135-168 months which was lower than in this case. Brown did not distribute images of child pornography. He argued for a sentence of 60 months imprisonment and 25 years of supervised release, because he argued that he had intellectual disabilities. He had only graduated from high school, and he had qualified for services through the Kern Regional Agency. The court imposed a prison sentence of 135 months, in part, because the defendant had also engaged in a long-distance relationship with a 13 year-old female in a different state. And in *United States v. Hinjosa-Cisneros,* 1:18-CR-00123-DAD-BAM, the court imposed a sentence of 144 months imprisonment, only slightly below the USSG range of 151-188 months. The defendant used peer-to-peer file sharing programs to obtain and make available to other network users, a relatively large quantity of child pornography. Like the defendant in *Maier*, Hinojosa-Cisneros had many years of military service on active duty with the U.S. Marine Corps and as a reservist. But he also directly communicated with a minor female in Wisconsin as he purported to be a 19 year-old male also from Wisconsin. He sent that victim a nude photograph, and he solicited a nude photograph from her. The sentencing court was troubled that the defendant's conduct had extended beyond his computer and keyboard. Here, the defendant's conduct has been at least as disturbing and dangerous. He acted on his sexual interest in children by sexually assaulting a minor, and he has been unable or unwilling to stop acquiring images of children being sexually abused even after he has been arrested and prosecuted as a juvenile.

### F.  The need to provide restitution to any victims of the offense.

As the Ninth Circuit acknowledged in *Blinkinsop*, the victims "involved in pictorial and cinematic pornography additionally endure ongoing harm because their images have been preserved in a permanent medium." *Blinkinsop*, at 1118. And criminalizing receipt of child pornography gives an incentive to such individuals to destroy these materials to alleviate continuing harm to the children who have been and are being exploited. *Id*.; *see also Osborne v. Ohio*, 495 U.S. 103, 11 (1990). As

GOVERNMENT SENTENCING MEMORANDUM        8

mentioned, to date the government has not received any request for restitution, so the court does not need to order restitution to any victim.

### IV. CONCLUSION

The court should impose a term of imprisonment of 97 months followed by a lifetime term of supervised release that includes the standard and special conditions proposed in the probation report. The court should also impose a special assessment of $100 and enter a final order of forfeiture for items used to commit the offense for which he is being sentenced.

Dated: September 20, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney